UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GENUINE PARTS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE  NO. |
| DELTA AUTOMOTIVE GROUP, | ) | |
| INC., and LESLIE STURGILL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

### INTRODUCTION

1.

Plaintiff brings this action against Defendants, jointly and severally, to collect a liquidated debt based on O.C.G.A. § 18-2-1, *et seq.*, and memorialized in documents, copies of which are attached as the following exhibits:

(a)  "Term Loan and Revolving Credit Agreement" dated December 1, 2007, between SunTrust Bank ("STB") as original Lender and assigned to Genuine Parts Company ("GPC") and Delta Automotive Group, Inc. ("Delta"), as Borrower ("Loan Agreement") . . . . . . . . . . . . . . . . . Exhibit A;

(b)  "Pledge Agreement" dated December 1, 2007, between STB as original Lender and assigned to GPC and Leslie Sturgill ("Sturgill") as Pledgor ("Pledge Agreement") . . Exhibit B;

(c)   "Revolving Note" dated December 1, 2007, between STB as original Lender and assigned to GPC and Delta as Borrower ("Revolving Note") . . . . . . . . . Exhibit C;

(d)   "Term Note" dated December 1, 2007, between STB as original Lender and assigned to GPC and Delta as Borrower ("Term Note") . . . . . . . . . . . . . . . . . . . . . . Exhibit D;

(e)   "Unlimited Continuing Guaranty Agreement" dated December 1, 2007, between STB as original Lender and assigned to GPC and Sturgill as Guarantor ("Guaranty") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit E;

(f)   "Guaranty Support Agreement" dated November 7, 2007, between GPC and Delta and Sturgill ("Support Agreement") . . . . . . . . . . . . . . . . . . . . . . . . Exhibit F;

(g)   "Security Agreement" dated December 1, 2007, between STB as original Lender and assigned to GPC and Delta as Borrower ("Security Agreement) . . . . . . . . . . . . . . . Exhibit G;

(h)   STB Payoff Statement dated March 1, 2012 . . . . . . . . . . Exhibit H;

(i)   "Voluntary Loan Foreclosure" executed by Delta dated January 9, 2012 ("Loan Foreclosure") . . . . . . . . . . . . . . Exhibit I;

(j)   GPC Statement of Account dated June 22, 2012 . . . . . . . Exhibit J;

(k)   Form of Assumption Agreement between STB and GPC dated March 2, 2012 ("Assumption") . . . . . . . . . . . . . . Exhibit K;

(l)   UCC Financing Statement . . . . . . . . . . . . . . . . . . . . . . Exhibit L.

[The above documents are referred to collectively as the "Assigned Contracts"].

## JURISDICTION AND VENUE

2.

Jurisdiction in this court is based upon diversity of citizenship and amount.

28 U.S.C. §1332(a)(1) and 28 U.S.C. §1391(a).

-2-

3.

This Court has personal jurisdiction over Defendants. Defendants have consented in writing to venue and jurisdiction in this Court in the Loan Agreement (Exhibit A), at p. 18, Section 9.15, entitled Jurisdiction/Waiver of Jury Trial/Other Matters; and in the Pledge Agreement (Exhibit B), at p. 6, Section 20, entitled Jurisdiction/Waiver of Jury Trial/Other Matters.

PARTIES

4.

The following is a list of the parties and their abbreviated names used:

(a)     Plaintiff Genuine Parts Company ("GPC" or "Plaintiff") is a corporation organized under the laws of the State of Georgia with its principal place of business at 2999 Circle 75 Parkway, S.E., Atlanta, Cobb County, Georgia 30339;

(b)     Defendant Delta Automotive Group, Inc. ("Delta") is an Ohio corporation.  Defendant may be served by delivery to an its agent for service of process, Leslie Sturgill, at 6353 Glenway Avenue, Cincinnati, Ohio 45211;

(c)     Defendant Leslie Sturgill ("Sturgill") is a resident of the State of Ohio

and may be served at 1378 Crotty Court, Apt. 4, Cincinnati, Ohio 45255.

STATEMENT OF FACTS

5.

Plaintiff realleges each and every allegation set forth in paragraphs 1 - 4, above.

6.

On December 1, 2007, Defendant Delta executed the Loan Agreement, Revolving Note and Term Note (Exhibits A, C and D) in favor of GPC's assignor, SunTrust Bank ("STB").  The Loan Agreement provides that Defendant Delta promises to repay GPC's assignor, in addition to principal and interest, all costs of collection, including reasonable attorneys' fees of ten percent (10%) of the unpaid principal and interest, should Plaintiff utilize an attorney to collect an amount due under the Loan Agreement and any other "Loan Documents."

7.

The Revolving Note (Exhibit C) executed by Delta evidences a loan incurred pursuant to the terms of the Loan Agreement.   The Loan Agreement provides that Delta will have line of credit ("Line" or "LOC") in the amount of $361,218.00.

-4-

Delta may borrow, repay and reborrow, so long as there does not exist a "Default Condition" or an "Event of Default."

8.

The Term Note (Exhibit D) executed by Delta also evidences a loan incurred pursuant to the terms of the Loan Agreement. The Term Note provides that Delta will receive a single disbursement of $361,218.00.

9.

Also, on December 1, 2007, Defendant Sturgill executed the Pledge Agreement (Exhibit B) and Guaranty (Exhibit E). The Guaranty was executed in favor of GPC's assignor for all present and future indebtedness owed by Delta to GPC's assignor, as an inducement to lend money to Delta. The Guaranty further provides that Sturgill promises to repay the debt in addition to principal and interest, all costs of collection, including reasonable attorneys' fees of ten percent (10%) of the unpaid principal and interest, should GPC's assignor utilize an attorney to collect on any and all liabilities, obligations, agreements and undertakings of Delta to GPC's assignor in any amount, whether now existing or hereafter arising.

10.

Defendants accessed the Line and STB advanced (lent) a total of $361,218.00 principal to Defendants based on the Revolving Note. A true copy of STB's Statement of Account showing the amount of Defendants' debt owing to STB is attached as Exhibit H.

11.

In the Support Agreement (Exhibit F), executed by Defendants and GPC, GPC guaranteed certain obligations of Defendants to STB. Accordingly, on March 2, 2012, GPC paid to STB by domestic wire a total of $606,139.07, for recovery of inventory secured by Defendants's debt to STB and the remaining balance for the full amount of Defendants' debt to STB. Accordingly, said debt was assigned to GPC and GPC is subrogated to the rights of STB. A copy of said Assumption is attached hereto as Exhibit K.

12.

Defendants failed to make timely payment to GPC as required by the Assigned Contracts. Defendants, jointly and severally, are indebted to Plaintiff for the principal amount of $605,428.32, plus $621.90 interest as of March 1, 2012.

13.

Plaintiff repossessed the collateral subject to Plaintiff's perfected security interest (Exhibits G and L), and notified Defendants of this sale.

14.

Defendants consented to the repossession of the collateral. See Loan Foreclosure dated January 9, 2012, executed by Defendants Sturgill and Delta (Exhibit I).

15.

The sale was conducted in a commercial reasonable manner and the sum of $423,431.46 was recovered from the sale. Said $423,431.46 was credited to the debt of Defendants. The entire amount due GPC under the Revolving Note ($244,568.83) has was paid by said sale. The remaining proceeds from the sale ($178,862.63) were credited to the balance due under the Term Note. Accordingly, Defendants, jointly and severally, now owe Plaintiff the sums of $182,707.61, $408.55 interest from June 22, 2012 through July 6, 2012. A true copy of GPC's Statement of Account showing the amount of Defendants' debt owing to GPC is attached as Exhibit J.

16.

Defendants are in default under the terms of the Assigned Contracts. Plaintiff demanded payment of Defendants by letter, copy attached as Exhibit M. ("Demand Letter").

17.

The Demand Letter also notifies Defendants of Plaintiff's election pursuant to the Assigned Contracts to declare immediately due and to accelerate all Defendants' indebtedness to Plaintiff, including principal and accrued interest. The Demand Letter also contain the ten (10) days' notice to collect statutory attorneys' fees as provided in O.C.G.A. § 13-1-11.

18.

By their terms, the Revolving Note and Term Note immediately mature without notice or demand upon nonpayment of an amount due on its due date. Interest is calculated by multiplying the principal balance outstanding by 1/360th of the applicable interest rate and adding together the daily interest amounts.

19.

Pursuant to the terms Term Note, Defendants, jointly and severally, owe the

interest rate on the Note ("Note Rate"), plus 2%, which is the "Default Rate." The Default Rate of the Term Note is Note Rate of 3.75% + 2%, for a total of 5.75% (or $29.18 *per diem*).

20.

Despite demand therefore, Defendants have failed to pay Plaintiff the amount they owe pursuant to the Assigned Contracts.

21.

Such failure constitutes a breach of the Assigned Contracts.

22.

Plaintiff has been damaged by the breach by Defendants by the amount of unpaid principal, interest, late charges, and costs of collection, including attorneys' fees.

WHEREFORE, Plaintiff Genuine Parts Company demands judgment against Defendants, jointly and severally, as follows:

(a)    $182,707.61,  principal;

(b)    $18,311.62 attorneys' fees;

(c)    Pre-judgment interest of $408.55 as of July 6, 2012, plus

continuing pre-judgment interest until the date of judgment at the rate of 5.75% *per annum* (or $29.18 per day);

(d)   Post-judgment interest at the legal rate;

(e)   Court costs; and

(f)   For such other and further relief as is just.

## CERTIFICATION

The undersigned certifies that this Complaint has been prepared in Times New Roman 14.5-point font in compliance with Local Rule 5.1(B).

This 13th day of July, 2012.

STOKES LAZARUS & CARMICHAEL LLP

By: _____
    MARION B. STOKES
    (Georgia Bar No. 683500)
    Attorneys for Plaintiff

80 Peachtree Park Drive
Atlanta, GA 30309-1320
Ph:   (404) 352-1465
Fax:  (404) 352-8463
SLC File No:   12-03075
mbs@slclaw.com